Robert S. Green (State Bar No. 136183)
Emrah M. Sumer (State Bar No. 329181)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

*Proposed Interim Co-Liaison Class Counsel*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CROWL, and all similarly situated individuals,<br><br>                 Plaintiffs,<br><br>vs.<br><br>CUPERTINO ELECTRIC, INC.,<br><br>                 Defendant. | Case No.: 5:23-cv-04007-VKD<br><br>**LEAD CASE**<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE**<br><br><br><br>Hon. Virginia K. DeMarchi, presiding |
| JAY WISE, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>vs.<br><br>CUPERTINO ELECTRIC, INC.,<br><br>                 Defendant. | Case No.: 5:23-cv-04232-SVK<br><br>**CONSOLIDATED CASE**<br><br><br>**DATE:    October 24, 2023**<br>**TIME:    10:00 a.m.**<br>**LOC.:    Courtroom 2/5th Floor**<br><br>Hon. Susan van Keulen, presiding |

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000

1

<u>**NOTICE OF MOTION AND MOTION**</u>

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

3

**PLEASE TAKE NOTICE** that on October 24, 2023 in the above-entitled court, located

4

at San Jose Courthouse, Courtroom 2 – 5th Floor, 280 South 1st Street, San Jose, CA 95113,

5

Plaintiffs Kevin Crowl and Jay Wise will, and hereby do move, for an Order pursuant to Federal

6

Rule of Civil Procedure 42(a) consolidating the following related actions, *Crowl v. Cupertino*

7

*Electric, Inc.,* 5:23-cv-04007-VDK (N.D. Cal.) (Judge Virginia K. DeMarchi); *Wise v.*

8

*Cupertino Electric, Inc.,* 5:23-cv-04232-SVK (N.D. Cal.) (Judge Susan van Keulen).

9

This Motion is based upon this Notice, the Supporting Unopposed Motion to

10

Consolidate set forth below, and the concurrently filed [Proposed] Order, as well as any other

11

papers and arguments submitted to the Court before or at the hearing on this Motion.

12

Dated: September 29, 2023                    **GREEN & NOBLIN, P.C.**

13

14

By:    *s/ Robert S. Green*
                 Robert S. Green

15

16

Emrah M. Sumer
2200 Larkspur Landing Circle, Suite 101

17

Larkspur, CA 94939
Telephone: (415) 477-6700

18

Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

19

20

*Proposed Interim Co-Liaison Class Counsel*

21

William B. Federman (*Admitted Pro Hac Vice*)
**FEDERMAN & SHERWOOD**

22

10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120

23

Telephone: (405) 235-1560
Facsimile:  (405) 239-2112

24

Email:  wbf@federmanlaw.com

25

*Proposed Interim Lead Class Counsel*

26

27

28

2

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Daniel Z. Srourian (State Bar No. 285678)
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 474-3800
Facsimile: (213) 471-4160
Email: daniel@slfla.com

*Proposed Interim Co-Liaison Class Counsel*

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000

1        **<u>PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE</u>**

2        Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs Kevin Crowl and Jay Wise respectfully

3   request that the Court consolidate the following related actions, *Crowl v. Cupertino Electric,*

4   *Inc.,* 5:23-cv-04007-VDK (N.D. Cal.) (Judge Virginia K. DeMarchi); *Wise v. Cupertino*

5   *Electric, Inc.,* 5:23-cv-04232-SVK (N.D. Cal.) (Judge Susan van Keulen) (together, the

6   "Related Actions"). Counsel for the Defendant does not oppose Plaintiffs' motion to consolidate

7   the Related Actions.

8        On August 8, 2023, Plaintiff Kevin Crowl filed his class action complaint against

9   Defendant Cupertino Electric, Inc. ("CUPERTINO" or "Defendant") related to a data security

10  incident experienced by Defendant between June 14, 2023 and June 24, 2023 (the "Data

11  Incident"). See Crowl, ECF. 1. On August 18, 2023, Plaintiff Jay Wise filed a class action

12  complaint against Defendant arising out of the same Data Incident. See Wise, ECF. 1. Given

13  that the Related Actions each involve a common fact; namely the same network environment

14  cyberattack and data security incident involving Defendant between June 14, 2023 and June 24,

15  2023, Plaintiffs respectfully ask for this Court to grant their Unopposed Motion to Consolidate

16  under Rule 42.

17  **I.    LEGAL STANDARD**

18       Consolidation of actions in federal court is governed by Fed. R. Civ. P. 42, including

19  Rule 42(a), which provides:

20              If actions before the court involve a common question of law or fact,
                the court may: (1) join for hearing or trial any or all matters at issue in
21              the actions; (2) consolidate the actions; or (3) issue any other orders
                to avoid unnecessary cost or delay.
22

23       Rule 42 permits consolidation of cases involving common questions of law or fact.

24       "The decision to consolidate actions under Rule 42(a) is entirely within the discretion of

25  the district court as it seeks to promote the administration of justice." *Wharton v. U.S. Dep't of*

26  *Hous. & Urb. Dev.*, No. 2:19-CV-300, 2020 WL 6749943, at *1 (S.D. Tex. Mar. 3, 2020)

27  (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)) (internal quotation marks omitted).

28  To determine whether consolidation is appropriate, courts consider the following factors:

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000

1    (1) whether the actions are pending before the same court, (2)

2    whether common parties are involved in the cases, (3) whether there

3    are common questions of law and/or fact, (4) whether there is risk of

4    prejudice or confusion if the cases are consolidated, and if so, is the

5    risk outweighed by the risk of inconsistent adjudications of factual

6    and legal issues if the cases are tried separately, and (5) whether

7    consolidation will conserve judicial resources and reduce the time

8    and cost of trying the cases separately.

9  *Id. (citing In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Nos. H–01–3624, H–04–0088,

10  H–04–0087, H–03–5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007)). In considering

11  whether to grant consolidation, courts weigh "the saving of time and effort that consolidation

12  under Rule 42(a) would produce against any inconvenience, delay, or expense that it would

13  cause for the litigants and the trial judge." 9A Charles Alan Wright & Arthur R. Miller,

14  FEDERAL PRACTICE & PROCEDURE: CIVIL § 2383 (3d ed. 2008).

15  **II.    ARGUMENT**
     **A.    The Related Actions Are Pending Before The Same Court And Involve The**
16  **Same Parties.**

17  Each of the Related Actions are pending in the United States District Court for the

18  Northern District of California. This satisfies the first factor. *Wharton*, 2020 WL 6749943, at

19  *1-2. Additionally, the Related Actions, although brought on behalf of different named

20  Plaintiffs, all name the same Defendant, which further weighs in favor of consolidation. *Id*.

21  **B.    The Related Actions Contain Common Factual Allegations**.

22  Plaintiffs in the Related Actions allege that their sensitive and private information was

23  compromised in the same Data Incident arising from the same network environment cyberattack

24  involving Defendant. Plaintiffs are all individuals who allege they had their personal

25  information compromised in the Data Incident. See Crowl, ECF. 1, at ¶¶20, 101 and Wise, ECF.

26  1, at ¶¶4, 24. Plaintiffs allege the types of sensitive information exposed are the same in each

27  action and include some combination of: first and last names, Social Security numbers, dates of

28  birth, addresses, and account numbers. Crowl, ECF. 1, at ¶2; Wise, ECF. 1, at ¶1. Furthermore,

-2-

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

1    Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk

2    and allowed the Data Incident to occur. Crowl, ECF. 1, at ¶¶24-33; Wise, ECF. 1, at ¶¶39-45.

3    This weighs in favor of consolidation. *Rolph v. Hinojosa*, No. 7:18-MC-599, 2019 WL

4    1244090, at *1 (S.D. Tex. Feb. 7, 2019), report and recommendation adopted, No. 7:18-MC-

5    599, 2019 WL 1244138 (S.D. Tex. Mar. 18, 2019) (finding consolidation appropriate where

6    cases "contain significant factual overlap" in that they "stem from the same series of events").

7         **C.    The Related Actions Make Common Liability Allegations**

8         In addition, the Related Actions each advance common theories of liability for the

9    various legal claims alleged, which include the following causes of action: (i) negligence, (ii)

10   negligence per se (iii) breach of implied contract; (iv) breach of fiduciary duty; (v) intrusion

11   upon seclusion or invasion of privacy; (vi) unjust enrichment; (vii) public disclosure of private

12   facts; (viii) breach of confidence; (ix) breach of fiduciary duty; and (x) breach of the implied

13   covenant of good faith and fair dealing. To the extent the Court permits consolidation, Plaintiffs

14   in the Related Actions will work together to submit one consolidated complaint on behalf of the

15   Plaintiffs and the putative Class. Thus, the cases involve common questions of law as well,

16   weighing in favor of consolidation. See *Wharton*, 2020 WL 6749943, at *2.

17        **D.    The Related Actions Seek Common Remedies Under Similar Class Definitions.**

18        The Related Actions seek to certify overlapping classes of individuals who were

19   allegedly victims of Defendant's Data Incident and request the same type of remedies and

20   compensation for Plaintiffs and the putative classes. The remedies collectively sought include

21   compensatory damages related to economic losses alleged to have been caused by the

22   cyberattack, injunctive relief, and other common remedies. Furthermore, Plaintiffs each seek to

23   certify these damages classes with substantially similar and/or overlapping class definitions. See

24   e.g., Crowl, ECF. 1, at ¶¶85 (""All natural persons residing in the United States whose personal

25   identifiable information (PII) was compromised as a result of the Data Breach announced by

26   Defendant on July 28, 2023."); Wise, ECF. 1, at ¶30 (alleging similar class). See *McDonald v.*

27   *PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar.

28   11, 2021) (consolidating cases arising out of the same data breach, and noting that, "[a]lthough

-3-

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000

1  there are slight distinctions in proposed class definitions and specific causes of action, each case

2  raises similar claims [] concerning the same underlying data breach, resulting in generally the

3  same type of alleged harm, to the same broad category of putative class members.").

4  **E.    The Related Actions Should be Consolidated to Reduce Costs and Delay.**

5  Here, consolidation of the Related Actions is warranted as the cases raise the same

6  questions of law and arise from the same set of facts surrounding the same cyberattack and Data

7  Incident allegedly failed to be prevented by the same Defendant. Specifically, each of these

8  cases focuses on whether Defendant is liable to Plaintiffs and the putative classes for their

9  failure to protect their private PII. *See* generally Crowl, ECF. 1; Wise, ECF. 1. Plaintiffs allege

10  that these actions present the same factual and legal questions with respect to the existence of a

11  duty and breach of that duty; involve the same Defendant; involve the same cyberattack and

12  Data Incident and involve the same types of potentially compromised information. *Id*. Plaintiffs'

13  counsel in each action anticipate the cases to involve substantially similar discovery and that

14  consolidation would add efficiency and consistency in judicial rulings and reduce delay and

15  cost.

16  Indeed, if not consolidated, the Related Actions would result in virtually identical

17  discovery requests, duplicative motion practice, and would cause an unnecessary drain on party

18  and judicial resources. Data breach cases are routinely consolidated in federal courts around the

19  country. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court

20  granted a motion to consolidate various class complaints in a data breach case:

21
22  Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as
23  class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well....
24
25  Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. Id. On this point, the Court notes that all of the named
26  Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to
27  consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes.
28  Moreover, the Undersigned finds that judicial resources will be

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), report and recommendation adopted, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016); see also *McDonald*, 2021 WL 931599, at *4.

Here, Plaintiffs in each case allege overlapping putative Rule 23 classes and assert common factual and legal allegations against the same Defendant, arising from the same data security incident. Each case is in its infancy. Consolidation and reassignment of the Related Actions will streamline the actions, promoting judicial economy and efficiency. Moreover, consolidation imposes no prejudice. All of the parties in each of the cases agree that consolidation of their claims into one action for both pre-trial proceedings and trial is not only appropriate, but also necessary to avoid duplicative efforts and potentially conflicting rulings.

**F.  Future-Filed Related Cases Should Be Consolidated**

In addition to consolidation of the Related Actions, Plaintiffs ask that the Court order that any future actions filed in, or transferred to, this District that are related to the Related Actions, be consolidated in the first filed Crowl action, which Plaintiffs ask to bear the caption *In re Cupertino Electric, Inc. Litigation,* 5:23-cv-04007-VKD.

**III.  CONCLUSION**

Plaintiffs request that the Court consolidate the Related Actions in the first-filed case, *Crowl v. Cupertino Electric, Inc.,* 5:23-cv-04007-VDK (N.D. Cal.); under the case caption *In re Cupertino Electric, Inc. Litigation,* 5:23-cv-04007-VKD, and that all future filed related actions

-5-

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000

1    filed in, or transferred to, this District be consolidated in this case as well. This motion has been

2    assented to by counsel for the Defendant.

3    DATED: September 29, 2023              **GREEN & NOBLIN, P.C.**

4

5                                          By:   *s/ Robert S. Green*
                                                    Robert S. Green

6
                                           2200 Larkspur Landing Circle, Suite 101
7                                          Larkspur, CA 94939
                                           Telephone: (415) 477-6700
8                                          Facsimile: (415) 477-6710
                                           Email: gnecf@classcounsel.com
9
                                           *Proposed Interim Co-Liaison Class Counsel*
10
                                           William B. Federman (*Admitted Pro Hac Vice*)
11                                         **FEDERMAN & SHERWOOD**
                                           10205 N. Pennsylvania Ave.
12                                         Oklahoma City, OK 73120
                                           Telephone: (405) 235-1560
13                                         Facsimile:  (405) 239-2112
                                           Email:  wbf@federmanlaw.com
14
                                           *Proposed Interim Lead Class Counsel*
15
                                           Daniel Z. Srourian (State Bar No. 285678)
16                                         **SROURIAN LAW FIRM, P.C.**
                                           3435 Wilshire Blvd., Suite 1710
17                                         Los Angeles, CA 90010
                                           Telephone: (213) 474-3800
18                                         Facsimile: (213) 471-4160
                                           Email: daniel@slfla.com
19
                                           *Proposed Interim Co-Liaison Class Counsel*
20

21

22

23

24

25

26

27

28

-6-

PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

00127702.000